IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NATHANIEL J. FAUBER, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>VIRGINIA ARMY NATIONAL )<br>GUARD, )<br>)<br>STATE OF VIRGINIA, )<br>)<br>THE UNITED STATES OF AMERICA, )<br>)<br>and )<br>)<br>SALEM VETERANS HOSPITAL, )<br>    Defendants. ) | Civil Action No. 5:08-cv-00068<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. James C. Turk<br>Senior United States District Judge |

This matter is presently before the court on the following motions: Plaintiff's Motion for Extension of Time (Dkt. No. 10); Plaintiff's Motion for Default Judgment (Dkt. No. 14); Defendant State of Virginia's (hereafter properly named the "Commonwealth of Virginia" or "the Commonwealth") Motion to Quash (Dkt. No. 16); Defendants United States of America and Salem Veterans Hospital's (hereafter properly named "Salem Veterans Affairs Medical Center" or "Salem VAMC") Motion to Dismiss (Dkt. No. 19); Defendant Virginia Army National Guard's ("Virginia National Guard") Motion to Dismiss (Dkt. No. 21); and Plaintiff's Motion for Summary Judgment (Dkt. No. 33). The court heard oral argument on these motions on March 25, 2009. For the following reasons, the court will grant Defendants' respective motions (Dkt. No.'s 16, 19, and 21) and deny Plaintiff's motions (Dkt. No.'s 10, 14, and 33).

### 1. Commonwealth of Virginia's Motion to Quash

On December 9, 2008, Plaintiff Nathaniel J. Fauber ("Fauber") returned an executed Summons to the court, stating that he had served the Commonwealth of Virginia by sending a

copy of the Summons and Complaint to the Virginia Attorney General's office by certified mail. The Commonwealth now argues in its Motion to Quash that Fauber's service of process was insufficient according to federal and state law, and thus the court should dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(5).

Rule 4(j)(2) of the Federal Rules of Civil Procedure provides in relevant part that a state or local government or governmental organization subject to suit must be served by delivering a copy of the complaint to its chief executive officer or in a manner prescribed by the state law. Fed. R. Civ. P. 4(j)(2) (2008). The chief executive officer of the Commonwealth is the Governor. Va. Code § 2.2-103. If a plaintiff does not serve the Governor, state law dictates that the Attorney General be served instead. Va. Code § 8.01-195.4. In either case, service of process must be made by personal service, posting, or on a family member over the age of sixteen at the place of abode. Va. Code § 8.01-296. Simply mailing a copy of a summons and complaint is insufficient. Id.

The court finds that Fauber did not comply with these requirements. His alleged service of process by mailing a copy of the Summons and Complaint to the Virginia Attorney General's office by certified mail is deficient under Virginia law, and there is no indication—and the Commonwealth specifically rejects the possibility—that the Commonwealth waived its service of process. The court, therefore, must grant the Commonwealth's Motion to Quash pursuant to Federal Rule of Civil Procedure 12(b)(5).

### 2. United States and Salem Veterans Affairs Medical Center's Motion to Dismiss

The United States and Salem VAMC, alternatively, move the court for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). These Defendants argue that the court is without

jurisdiction with respect to the claims alleged against them because Fauber failed to assert any statutory waiver of sovereign immunity in his Complaint.

As a matter of jurisdiction, sovereign immunity shields the Federal Government and its agencies from suit unless Congress has explicitly waived it. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act ("FTCA") provides one such explicit waiver "for money damages . . . for personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b); Wood v. Standard Products Co., 671 F.2d 825, 829 (4th Cir. 1982), citing United States v. Orleans, 425 U.S. 807, 813 (1976). The FTCA also requires, however, that a plaintiff exhaust all of his/her available administrative remedies before filing a lawsuit. 28 U.S.C. § 2675(a). In particular, the FTCA provides as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, <u>unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail</u>. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Id. (emphasis added). A failure to exhaust deprives a court of jurisdiction and requires dismissal under Federal Rule of Civil Procedure 12(b)(1). Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994); Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986) ("the requirement of filing an administrative claim is jurisdictional and may not be waived").

In the instant case, Fauber alleges that the United States improperly denied him "amendments and protection," "access to legal enforcement on a government official who has abused his authority," and "access to OSHA, Department of Labor, and EEOC to perform their

3

duties." (Compl. at 5). Fauber does not assert any waiver of sovereign immunity, however, nor can the court reasonably infer one from the Complaint. The court, therefore, must dismiss Fauber's claims against the United States for lack of jurisdiction. Fed. R. Civ. P. 12(b)(1).

With respect to Salem VAMC, Fauber appears to allege negligent acts and/or omissions on the part of Salem VAMC in providing him medical treatment. The court liberally construes these claims to constitute an action for damages under the FTCA. A review of the pertinent agency files, however, indicates that Fauber has failed to present his claims to the appropriate federal agency—here the Department of Veterans Affairs (Def.'s Mot. to Dismiss at Ex. 1)—and thus the court is again without jurisdiction, and it must dismiss Fauber's claims against Salem VAMC as well. Fed. R. Civ. P. 12(b)(1).

### 3. Virginia National Guard's Motion to Dismiss

Finally, the Virginia National Guard moves the court for dismissal pursuant to Federal Rule 12(b)(1) alleging that Fauber's claims against it are barred by the Eleventh Amendment. In the alternative, the Virginia National Guard also argues that the court should dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

It is well-settled law that the Eleventh Amendment precludes lawsuits in federal court against unconsenting states and state agencies. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against [a] State and its [agencies] is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.") (citing Edelman v. Jordan, 415 U.S. 651 (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945); Worcester County Trust Co. v. Riley, 302 U.S. 292 (1937)). The Virginia National Guard is part of the Virginia Militia, of which the Governor of Virginia acts as Commander-in-

4

Chief, Va. Code §§ 44-1 & 44-8, and it falls under the Virginia Department of Military Affairs. Va. Code §§ 44-11 & 44-11.1. Accordingly, the Virginia National Guard is part of an agency of the Commonwealth and is entitled to Eleventh Amendment protection. As there is no evidence to suggest that the Commonwealth and/or the Virginia National Guard waived its rights under the Eleventh Amendment, the court is without jurisdiction, and it must dismiss Fauber's claims against the Virginia National Guard pursuant to Fed. R. Civ. P. 12(b)(1).

### 4. Fauber's Remaining Motions

Given the disposition of the aforementioned motions, the court must deny Fauber's remaining motions as moot.

An appropriate order shall issue this day. The Clerk of Court is directed to strike the matter from the court's active docket and to send a copy of this memorandum opinion and accompanying final order to Plaintiff and counsel of record for the Defendants.

**ENTER:** This 9th day of April, 2009.

*/s/ James C. Turk*
Senior United States District Judge